FILED: September 4, 2014

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 13-2497
(1:04-cv-02605-JFM)
(1:04-md-15863-JFM)

---

KAVEH S. SHAHI; LESLIE S. SHAHI

Plaintiffs - Appellants

v.

PUTNAM LLC

Defendant - Appellee

---

J U D G M E N T

---

In accordance with the decision of this court, the judgment of the district court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-2497**

---

KAVEH S. SHAHI; LESLIE S. SHAHI,

Plaintiffs - Appellants,

v.

PUTNAM LLC,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:04-cv-02605-JFM; 1:04-md-15863-JFM)

---

Submitted: August 25, 2014 Decided: September 4, 2014

---

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kaveh S. Shahi, CLEARY SHAHI & AICHER, P.C., Rutland, Vermont, for Appellants. James R. Carroll, Peter Simshauser, Eben Colby, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Boston, Massachusetts, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaveh S. Shahi and Leslie S. Shahi ("the Shahis") appeal from the district court's August 26, 2013 order dismissing count IV of their initial complaint and its November 27, 2013 order dismissing their amended complaint in their civil action under the Securities Exchange Act of 1934, the Securities Act of 1933, and Vermont law. We affirm.

First, the Shahis claim that the district court did not have jurisdiction over their action as of July 18, 2012, the date on which the court issued an order directing them to show cause why their action should not be administratively closed. The Shahis, however, fail to support this claim in accordance with Fed. R. App. P. 28(a)(8)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We therefore deem this claim abandoned. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).*

* We decline to consider the Shahis' contention — premised on the summary assertions they raise in support of their jurisdictional claim — that the district court erred in denying their motion for a suggestion of remand because this contention (Continued)

Next, with respect to the district court's dismissal of count IV of the Shahis' initial complaint for a violation of the Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, § 2453, we have reviewed the parties' briefs and the record on appeal and find no reversible error. Accordingly, as to that count, we affirm for the reasons stated by the district court. Shahi v. Putnam LLC, No. 1:04-cv-02605-JFM (D. Md. Aug. 26, 2013).

With respect to the district court's dismissal of the amended complaint, we also find no reversible error. Counts I, II, and V of the amended complaint — which sought relief under the Vermont Securities Act, Vt. Stat. Ann. tit. 9, § 5501, and Section 12 of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2), were properly dismissed, as the Shahis did not plead these counts with the particularity required by Fed. R. Civ. P. 9(b). Count III of the amended complaint — which sought "rescission" under Vermont common law — fails because rescission is a remedy under Vermont law, not a cause of action. Wilk Paving, Inc. v. Southworth Milton, Inc., 649 A.2d 778, 783 (Vt. 1994). Finally, we deem waived the Shahis' challenge to the district court's dismissal of count IV of the amended complaint because the

---

is raised for the first time in their reply brief. Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (per curiam).

Shahis fail to provide a clear argument as to how or why the district court erred in dismissing this count. See Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 153 n.6 (4th Cir. 2012). We therefore affirm the district court's dismissal of the amended complaint.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

FILED: September 4, 2014

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-2497, Kaveh Shahi v. Putnam LLC
1:04-cv-02605-JFM, 1:04-md-15863-JFM

---

NOTICE OF JUDGMENT

---

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the court did not receive a voucher, forms and instructions are available from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE**: In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).